IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| WINIFRED MIDKIFF, on behalf of herself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) ) | |
| v. ) | Civil Action No. 3:22-cv-417–HEH |
| ) | |
| THE ANTHEM COMPANIES, INC., ) *et al.*, ) ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**
(Granting in Part and Denying in Part
Plaintiff's Motion for Court-Authorized Notice)

This matter is before the Court on Plaintiff Winifred Midkiff's ("Plaintiff") Motion for Court-Authorized Notice Under the Fair Labor Standards Act ("FLSA") (the "Motion," ECF No. 26), filed on September 15, 2022. Plaintiff filed the initial Complaint on June 3, 2022 (Compl., ECF No. 1), followed by an Amended Complaint on August 24, 2022 (Am. Compl., ECF No. 19). Plaintiff seeks to represent a putative collective of medical management nurses who were allegedly denied proper overtime compensation during the past three years while employed by The Anthem Companies, Inc., Anthem Health Care Plans of Virginia, Inc. d/b/a Anthem Blue Cross and Blue Shield, and Amerigroup Corporation (collectively, "Defendants" or "Anthem").[1] (Pl.'s

---

[1] The Court notes that The Anthem Companies, Inc. recently rebranded as The Elevance Health Companies, Inc. However, for ease of reference, the Court will use the name "Anthem."

Mem. in Supp. at 1, ECF No. 27.) Plaintiff's claim is asserted as a state-wide collective action under 29 U.S.C. § 216(b). (*Id.*)

Defendants filed their Response in Opposition on October 13, 2022, asserting multiple arguments against Plaintiff's Motion. (Defs.' Resp. in Opp'n, ECF No. 38.) First, Defendants argue that the timing of Plaintiff's Motion warrants pausing the case here because there are other nearly identical lawsuits filed in district courts in other states that are further along in proceedings. (*Id.* at 1–2.) Defendants argue that other district courts' decisions might influence this Court's determination of Plaintiff's claim in this case. (*Id.* at 2.) Second, Defendants contend that if this Court chooses not to stay proceedings, the Court should instead deny Plaintiff's Motion and direct the parties to pursue limited discovery regarding the merits of Plaintiff's and opt-in plaintiffs' claims as to whether they both are "similarly situated." (*Id.*) Third, Defendants maintain even if the Court applies Plaintiff's lenient standard, Plaintiff still fails to carry her burden of establishing she is entitled to court-authorized notice under the FLSA. (*Id.* at 3.) Fourth, Defendants assert that Plaintiff has not established that she or the putative collective were subject to a common unlawful policy. (*Id.* at 14.) Finally, Defendants object to both the substance of Plaintiff's proposed notice and her suggested distribution method. (*Id.* at 15.)

The parties have submitted memoranda in support of their respective positions. The Court heard oral argument on November 3, 2022. For the reasons that follow, Plaintiff's Motion will be granted in part and denied in part.

## I.  BACKGROUND

Defendants are all subsidiaries of Anthem, Inc., which is incorporated in and has its principal place of business in Indiana. (Am. Compl. ¶¶ 10–18.) Plaintiff and the putative collective work or worked for Anthem or its subsidiaries across Virginia.[2] (Am. Compl. ¶¶ 27, 51.) Plaintiff worked for Defendants from approximately June 2014 to July 2017, performing primarily medical necessity reviews as a "Medical Management Nurse II."[3] (Am. Compl. ¶ 50.) Since the filing of Plaintiff's Complaint, eleven opt-in plaintiffs have consented to joining in this action.[4] Plaintiff, opt-in plaintiffs, and the declarants assert that they and others work or worked for Anthem as "Medical Management Nurses, Utilization Management Nurses, Utilization Review Nurses, Nurse Reviewers, Nurse Reviewer Associates, or in similar job titles" during the last three years. (Pl.'s Mem. in Supp. at 6.)

---

[2] Plaintiff initially opted-in to the case *Canaday v. The Anthem Companies, Inc.*, No. 1:19-cv-01084-STA-jay (W.D. Tenn.), on August 19, 2019. (Am. Compl. ¶ 50.) However, the *Canaday* court limited the scope of the conditionally certified collective to only individuals who worked for Anthem within the state of Tennessee. *Id.* Because Plaintiff worked in Virginia, Plaintiff ultimately withdrew as a plaintiff from *Canaday* after filing her claim in this Court on June 3, 2022. (Compl. at 1.)

[3] Plaintiff attached four declarations to her Motion by former employees of Anthem. (*See* Ex. A, Decl., ECF No. 27-2.) In pertinent part, these declarations state that Plaintiff and the declarant employees worked for Anthem in Virginia, were either Medical Management Nurses or Utilization Review Nurses, had a primary job responsibility of conducting medical necessity reviews, were salaried and classified as exempt, and routinely worked over forty-hour weeks without overtime compensation. (Midkiff Decl. ¶¶ 1–14; Adams Decl. ¶¶ 1–15; Elmore Decl. ¶¶ 1–15; Vialpando Decl. ¶¶ 1–15.)

[4] (ECF Nos. 1-3, 10-1, 10-2, 15-1, 15-2, 15-3, 16-1, 17-1, 18-1.)

3

The primary responsibility of the nurses in each of these roles was to perform "utilization reviews, also known as medical necessity reviews." (*Id.*) When conducting a review, these nurses analyze "medical authorization requests submitted by healthcare providers against pre-determined guidelines and criteria for insurance coverage and payment purposes." (*Id.*) These reviews involved the use of Defendants' "electronic case management system, standardized guidelines and criteria, and Defendants' policies and procedures." (*Id.*) If the authorization request meets the applicable criteria in the guidelines and policies, then Plaintiff and the other nurses may approve the requested service or benefit. (*Id.*) If the criteria are not met, however, the "medical management nurses must send the authorization request on to Defendants' 'Medical Director,' who is a doctor, for their review and determination." (*Id.*) Based on the affidavit declarations, these nurses were not permitted to deny any authorization on their own. (*Id.*) Plaintiff also asserts that Anthem provides these nurses "with the skills necessary to do their jobs through similar training." (Pl.'s Mem. in Supp. at 7.) Anthem subjects the nurses performing these reviews to "similar production requirements, expecting them to review a certain number of authorizations within specific timeframes." (*Id.*) Anthem also "measures the nurses' performance through quality audits and regular knowledge tests to ensure that they are applying [Anthems'] established criteria." (*Id.*)

Plaintiff alleges that in order to complete assigned medical necessity reviews, Plaintiff and the putative collective routinely worked over forty hours during a workweek. (*Id.*) However, Plaintiff and the other nurses did not receive overtime compensation for the work completed over forty hours. (Am. Compl. ¶¶ 5–6, 57, 73.)

4

Instead, Anthem "compensated medical management nurses with a salary, did not require them to record their actual hours worked, and uniformly classified them as exempt from the overtime requirements of the FLSA." (Pl.'s Mem. in Supp. at 7.)

Based on their "common job duties and shared experiences," Plaintiff and the other opt-in plaintiffs believe they are similarly situated to the putative collective they seek to represent. (*Id.*) Plaintiff seeks to conditionally certify and send court-authorized notice to the following group:

> All persons who worked as Medical Management Nurses, Utilization Management Nurses, Utilization Review Nurses, Nurse Reviewers, Nurse Reviewer Associates, or in similar job titles who were paid a salary and treated as exempt from overtime laws and were primarily responsible for performing medical necessity reviews for Defendants in Virginia at any time since three years prior to the filing of this Complaint through judgment.

(Pl.'s Mem. in Supp. at 11.) Plaintiff requests a "60-day notice period" and suggests that notice be distributed "via U.S. mail, email, and text messages." (*Id.* at 20.) Additionally, Plaintiff seeks approval to send a reminder notice 21 days before the end of the notice period. (*Id.*)

## II. STANDARD OF REVIEW

Under 29 U.S.C. § 216(b), the FLSA permits collective actions so long as the plaintiff demonstrates the existence of a group of "similarly situated" employees.[5]

---

[5] 29 U.S.C. § 216(b) states in pertinent part:

> An action to recover the liability prescribed in the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in

5

Section 216(b) does not explicitly define "similarly situated," and the United States Court of Appeals for the Fourth Circuit has not set forth a standard for determining whether a collective is "similarly situated" for the purposes of the FLSA. *See Choimbol v. Fairfield Resorts, Inc.*, 475 F. Supp. 2d 557, 562 (E.D. Va. 2006) (stating the Fourth Circuit has not declared a standard, but federal precedent has developed a two-step analysis). Federal courts typically follow a two-step analysis for determining if plaintiffs are "similarly situated" enough to grant conditional certification and court-authorized notice in FLSA cases. *Edwards v. Optima Health Plan*, No. 2:20-cv-192–RCY, 2021 WL 1174724, at *3 (E.D. Va. Mar. 29, 2021). "[I]t is generally accepted that assessment of the 'similarly situated' requirement proceeds in two stages: (1) the notice stage and (2) the decertification stage." *Yerby v. City of Richmond*, No. 3:19-cv-393–REP, 2020 WL 602268, at *3 (E.D. Va. Feb. 7, 2020). This matter is currently at step one.

At step one, "[t]he court's charge is to examine whether plaintiffs raise a similar legal issue as to coverage, exemption, or nonpayment . . . or overtime arising from at least a manageably similar factual setting with respect to their job requirements and pay provisions, but their situations need not be identical." *Gagliastre v. Capt. George's Seafood Rest., LP*, No. 2:17-cv-379–RAJ, 2018 WL 9848232, at *3 (E.D. Va. Mar. 13, 2018). A district court's determination of whether to grant conditional certification requires plaintiffs to make "a modest factual showing sufficient to demonstrate that they and potential plaintiffs were victims of a common policy or plan that violated the law."

---

writing to become such a party and such consent is filed in the court in which such action is brought.

6

*Winks v. Virginia Dept. of Transp.*, No. 3:20-cv-420–HEH, 2021 WL 2482680, at *2 (E.D. Va. June 17, 2021). The requirement of a common plan or policy does not mean that there "can be no differences among class members or that an individualized inquiry may not be necessary in connection with fashioning the specific relief or damages to be awarded to each class member." *LaFleur v. Dollar Tree Stores, Inc.*, No. 2:12-cv-363–RAJ, 2012 WL 4739534, at *4 (E.D. Va. Oct. 2, 2012). The district court does not need to determine that those notified "'are, in fact, similarly situated' to the plaintiff but rather authorizes notice to be sent to those who *might* be potential plaintiffs." *McNeil v. Faneuil, Inc.*, No. 4:15-cv-81–HCM, 2016 WL 11673836, at *3 (E.D. Va. Mar. 2, 2016) (quoting *Choimbol*, 475 F. Supp. 2d at 563) (emphasis added).

### III.   ANALYSIS

#### Conditional Certification and Court-Authorized Notice

Defendants first argue that this Court should stay proceedings in this matter pending resolution of Anthem's undecided motion in *Lazaar v. The Anthem Companies, Inc.*, Case No. 1:22-cv-03075 (S.D.N.Y.) and forthcoming motion in *Canaday v. The Anthem Companies, Inc.*, Case No. 1:19-cv-01084-STA-jay (W.D. Tenn.). (Defs.' Resp. in Opp'n at 6.) The Court acknowledges the similarities between these lawsuits and does not deny that any opinions provided in those matters by our sister district courts could provide insight here. However, the Court finds that staying proceedings in this matter is not warranted. While any decision by our sister district courts could be persuasive, those decisions are not binding on the Eastern District of Virginia. This Court believes that delaying the proceedings at hand is unnecessary and may harm some potential plaintiffs'

ability to bring their claims.[6] Therefore, this Court declines Defendants' invitation to stay the proceedings.

Defendants' second argument is that even if the Court considers Plaintiff's Motion at this time, the Court should reject the "'lenient' two-stage process she advocates" for. (Defs.' Resp. in Opp'n at 7.) Instead, Defendants argue this Court should adopt the more rigorous standard put forth by the United States Court of Appeals for the Fifth Circuit in *Swales v. KLLM Transp. Serv., LLC*, 985 F.3d 430 (5th Cir. 2021). This Court does not find Defendants' suggestion persuasive.

To start, the Fifth Circuit's decision to adopt the new framework for analyzing whether plaintiffs are similarly situated under the FLSA is not binding on this Court. Notwithstanding, this Court does not find *Swales* persuasive enough to depart from Fourth Circuit district courts' longstanding practice of using the two-step process for granting conditional certification and court-authorized notice.[7] As Defendants even admit, apart from the Fifth Circuit, "no federal court of appeals—including the Fourth Circuit—has ever squarely analyzed [the two-step process]." (Defs.' Resp. in Opp'n at

---

[6] 29 U.S.C. § 255 provides a two-year statute of limitations for claims under the FLSA, however, if the cause of action arises out of a "willful violation," the statute of limitations is three years. At stage one, courts commonly use the extended three-year limitations period for notice purposes. *See Chen v. Kicho Corp.*, 2020 WL 1900582, at *11–12 (S.D.N.Y. Apr. 17, 2020); *Rogers v. Webstaurant, Inc.*, 2018 WL 4620977, at *4 (W.D. Ky. Sept. 26, 2018); *Smith v. Bimbo Bakeries USA, Inc.*, 2013 WL 4479294, at *5 (C.D. Cal. Aug. 19, 2013).

[7] *See Edwards*, 2021 WL 1174724, at *3; *see also Amoko v. N&C Claims Serv., Inc.*, 577 F. Supp. 3d 408, 414–15 (D.S.C. 2021); *Santos v. E&R Servs., Inc.*, No. DLB-20-2737, 2021 WL 6073039, at *3–4 (D. Md. Dec. 23, 2021); *Ison v. MarkWest Energy Partners, LP*, No. 3:21-cv-0333, 2021 WL 5989084, at *4 (S.D. W. Va. Dec. 17, 2021); *Mazariegos v. Pan 4 Am., LLC*, No. DLB-20-2275, 2021 WL 5015751, at *3–4 (D. Md. Oct. 28, 2021).

8

7.) This shows that the Fifth Circuit's framework is far from a majority approach of the United States Courts of Appeals. This Court does not believe that the rationale behind the Fifth Circuit's adoption of a more rigorous framework outweighs the prevailing precedent of district courts applying the two-step approach within the Eastern District of Virginia and around the Fourth Circuit, more broadly. Defendants concede that "courts in this district have for years applied the two-stage process in deciding whether to authorize notice to members of a proposed FLSA collective." (*Id.*) This Court is not persuaded to depart from the two-stage process at this time.

Third, Defendant argues that even if this Court analyzes Plaintiff's Motion under the two-step process, Plaintiff has failed to satisfy her burden of establishing that she and the opt-in plaintiffs are similarly situated. (*Id.* at 8–9.) Defendants' first basis for challenging whether Plaintiff has met her burden is that three of the four declarants in this case, including Plaintiff, do not "speak to the period of time during which the putative collective members worked for Anthem." (Defs.' Resp. in Opp'n at 9.) Therefore, Defendants argue that Plaintiff presents only one declaration that speaks to the class they seek to represent, which is not enough. *Id.* Although the Court acknowledges that Plaintiff and some of the declarants did not work at Anthem within the last three years or always at the same time as each other, there is no authority to indicate that the differing work periods preclude Plaintiff from representing the suggested class. The affidavit declarations show that the nurses' primary job responsibility of conducting medical necessity reviews and the common unlawful policy of being denied overtime wages were essentially the same throughout all the times that the declarants worked for Anthem.

9

Defendants' citation to *Pooner v. Mariner Fin., LLC*, 2019 WL 2549430, at *7 (D. Md. 2019) to say a "single declaration isn't enough to command certification" is distinguishable. There, the plaintiff only relied on his own declaration, an email, job postings and job descriptions, and anonymous online reviews for conditional certification. *Id.* The district court held this was not enough for certification because he offered no declarations from other representatives at other branches of the company where plaintiff previously worked, nor any declarations from any of the other branches around the country. *Id.* Here, Plaintiff and three other medical management nurses who worked at Anthem in Virginia provided declarations speaking to their similar job duties and shared experiences. While some of the declarations come from different time periods than the proposed collective, the declarations still speak to similar job duties, requirements, trainings, and a common policy in effect throughout those time periods.

The second basis Defendants assert is that the declarations do not satisfy Plaintiff's burden for certification because "they are so boilerplate that they reveal essentially nothing about each declarant's day-to-day duties." (Defs.' Resp. in Opp'n at 10.) Defendants cite to *Yerger v. Liberty Mut. Grp., Inc.*, 2011 WL 5593151, at *5 (E.D.N.C. Nov. 15, 2011) for the proposition that other courts have found that boilerplate declarations are not enough to meet a plaintiff's burden. (Defs.' Resp. in Opp'n at 10.) However, *Yerger* is distinguishable because plaintiffs in that case sought to represent a nationwide collective based on six declarations, which contained the same language and came from employees from the same region. *Yerger*, 2011 WL 5593151, at *5. The district court held that the six declarations were not enough to demonstrate that the

plaintiff and declarants were similarly situated with *a nationwide class of plaintiffs*. *Id.* (emphasis added). "At best, the six declarants suggests that [plaintiff] may be similarly situated to other field auditors working at a similar employment level" for defendant's company "in a single region of the United States." *Id.*

Here, Plaintiff seeks to show she is similarly situated to other medical management nurses working at Anthem, in Virginia, at a similar employment level, and whose primary job duty was conducting medical necessity reviews. Plaintiff and the declarants do not attempt to show that they are similarly situated to every single employee who conducted a medical necessity review for Anthem in the last three years across the country. Rather, Plaintiff and the declarants provided sufficient detail in their declarations to meet the "modest factual showing" that Plaintiff must make in showing they are similarly situated to the putative collective they seek to represent in Virginia. "It is not imperative that the job duties of the members of the proposed class or the ways in which the potential class members complete their jobs be identical." *Yerby*, 2020 WL 602268, at *6 (internal citations omitted).

Defendants' third basis for claiming that Plaintiff has not met her burden is that Plaintiff's declarations are not based on personal knowledge. (Defs.' Resp. in Opp'n at 11.) Defendants argue that declarations provided at the notice stage "must be based on the personal knowledge of the affiant." (*Id.* (citing *Robinson v. Empire Equity Grp. Inc.*, 2009 WL 4018560, at *3 (D. Md. Nov. 18, 2009)). Although it is true that the declarations must be based on personal knowledge, this does not require that the

11

declarants personally observe everything within their declarations for the requirement to be met.

Here, Plaintiff and declarants have adequately established that their accounts are based on their personal knowledge. Each declarant stated it was their understanding that other Medical Management Nurses and Utilization Review Nurses were treated as exempt and not paid overtime wages, that they attended group trainings along with others who were in their job roles, and some specifically named other nurses whom they believed performed similar job duties and did not receive overtime pay. (*See* Midkiff Decl. ¶¶ 12–14; Adams Decl. ¶¶ 13–15; Elmore Decl. ¶¶ 13–15; and Vialpando Decl. ¶¶ 13–15.)

Defendants assert, as their fourth basis, that their evidence "reveals dissimilarities among putative collective members," showing that the proposed collective is not similarly situated. (Defs.' Resp. in Opp'n at 12.) Specifically, Defendants argue "different nurses may perform different duties depending on the titles, teams, and specialty areas to which they are assigned." *Id.* As an example of this, Anthem points out that Nurse Medical Management I roles primarily conduct utilization reviews under their job duties, whereas, Nurse Medical Management Seniors or Leads do so with much less frequency. (*Id.*) Thus, Defendants claim that Plaintiff's proposed collective is too expansive. (*Id.*) While this difference in job duties may be true, Plaintiff's proposed notice and collective would only include medical management nurses "who were paid a salary and treated as exempt from overtime laws and were primarily responsible for performing medical necessity reviews for Defendants." (Pl.'s Mem. in Supp. at 11.)

Therefore, Plaintiff's proposed collective by its language would not include those roles within the Nurse Medical Management family that do not carry the primary responsibility for performing medical necessity reviews. There is no question that within a company of Anthem's size there are bound to be some differences between job duties even among those who share similar job titles or are within the same job family. The determination is not whether Plaintiff and the proposed collective are identical. Instead, the determination is whether Plaintiff has made a modest factual showing that they are similarly situated to the collective, and this needs "to be considered at a higher level of abstraction." *Frank v. Gold'n Plump Poultry, Inc.*, 2007 WL 2780504, at *4 (D. Minn. Sept. 24, 2007).

Finally, the last basis Defendants assert is that Plaintiff fails to adduce evidence of a common unlawful policy. (Defs.' Resp. in Opp'n at 14.) Defendants argue that the core of Plaintiff's claim is that she is similarly situated to other nurses because Defendants incorrectly classified them as exempt. (*Id.*) Defendants assert that "exemption alone does not violate the FLSA and cannot bind the collective." (*Id.*) At this stage, Plaintiff is not required to prove that Defendants' exempt classification is unlawful. Additionally, the inquiry at stage one is not whether Plaintiff and the putative collective are, in fact, similarly situated. The touchstones are whether Plaintiff has made a modest factual showing that there are sufficient job similarities between Plaintiff and the putative collective, and that they were allegedly subject to a common policy or plan that violated the law. Plaintiff is required to show "nothing more than substantial allegations that the putative class member[s] were together victims of a single decision, policy or plan." *McNeil*, 2016 WL 11673836, at *3.

13

Plaintiff and the declarants have established that they all worked similar jobs, had the same primary responsibility of conducting medical necessity reviews, were salaried and exempt classified employees, and were not paid proper overtime compensation in violation of the FLSA. Plaintiff's burden at this point is a lenient one. Defendants will have the opportunity at the decertification stage to prove that Plaintiff and the putative collective are not, in fact, similarly situated or that they were not actually subject to a common unlawful policy. For purposes of conditional class certification and court-authorized notice, Plaintiff has met her burden of showing that she and the putative class are similarly situated and were subject to the same unlawful policy.

In assessing Plaintiff's proposed collective, the Court agrees with Defendants that Plaintiff's proposed collective is more expansive than their factual support shows. Three of the four declarants, including Plaintiff, all reference their job duties as only a "Medical Management Nurse." (Midkiff Decl. ¶ 2; Elmore Decl. ¶ 2; Vialpando ¶ 2.) The other declarant references her job duties as a "Utilization Review Nurse." (Adams Decl. ¶ 2.) Plaintiff's proposed collective and notice includes "Medical Management Nurses, Utilization Management Nurses, Utilization Review Nurses, Nurse Reviewers, Nurse Reviewer Associates, or [Nurses] in similar job titles." (Pl.'s Mem. in Supp. at 6.) The Court finds that Plaintiff, through the affidavit declarations provided, has met her modest factual showing that "Medical Management Nurses" and "Utilization Review Nurses" are similarly situated for purposes of conditional certification and notice.[8] Plaintiff has not

---

[8] The Court does note Defendants' assertion during oral argument that "Utilization Review Nurses" are now named under a different job title, are hourly employees, and are not exempt

established enough factual evidence to include "Nurse Reviewers," "Nurse Reviewer Associates," or generally those in similar job titles who had the primary responsibility of conducting medical necessity reviews. For the purposes of conditional certification and court-authorized notice, the proposed collective will be defined as:

> Any individual who: (1) worked/works in Virginia for the Anthem Companies, Inc. (or one of its subsidiaries) in the Medical Management Nurse or Utilization Review Nurse Family, (2) was/is paid a salary, (3) was/is treated as exempt from overtime laws, (4) worked/works over forty (40) hours during a week, and (5) was/is primarily responsible for performing medical necessity reviews at any time since June 3, 2019.

### Proposed Notice and Distribution Method

Defendants object to Plaintiff's suggested notice and distribution method. (Defs.' Resp. in Opp'n at 15.) Plaintiff requests a 60-day notice period and a reminder notice be issued 21 days before the end of the notice period. (Pl.'s Mem. in Supp. at 22.) Plaintiff suggests sending notice via U.S. mail, email, and text messages, with the reminder notice being sent via mail and e-mail. (*Id.*) Defendants object to how Plaintiff describes her claim within their proposed notice, claiming that she "proposes to tell recipients only that she claims they weren't paid overtime . . . while saying *nothing* about her central allegation." ((Ex. B, Pl.'s Notice at 1–3) (emphasis in original).) Defendants also object

---

from overtime under Anthem's policies. However, Adams' affidavit declaration states that until March 21, 2021, she was a "Utilization Review Nurse," was a salaried employee, primarily conducted medical necessity reviews under her job duties, and was exempt from overtime compensation. (Adams Decl. ¶¶ 2–13.) The date her employment with Anthem ended was during the proposed collective time period, which began on June 3, 2019. Defendants at this stage have not provided enough contradictory evidence to preclude "Utilization Review Nurses" from the conditional collective. Thus, the Court will conditionally certify "Utilization Review Nurses" as a part of the collective for purposes of sending court-authorized notice. Defendants will have an opportunity to challenge the "Utilization Review Nurses" similarly situated status at the decertification stage.

15

to how many communications Plaintiff wishes to send, and her suggestion that a reminder notice be sent before the end of the notice period. (*Id.*) Defendants argue that "[o]ne notice, sent via one distribution method, is more than enough to serve its purpose," claiming that "sending notice five times verges on the appearance of judicial endorsement of the case and pressure to join it." (*Id.*)

The Court agrees that sending a total of five notices across three different communications is more than what is necessary to inform perspective plaintiffs of their possible ability to join this litigation. The Court also agrees that the substance of Plaintiff's suggested notice as submitted is not adequate.

As to the number of communications, the Court will allow Plaintiff to send notice to the proposed collective via mail and email but will not allow a reminder notice to be sent before the notice period ends. The Court believes that two communications sent directly to perspective plaintiffs is adequate enough to inform them of their ability to join the case, while maintaining the appearance of judicial neutrality.

As to the substance of the notice, counsel for the parties are to confer and file a mutually acceptable notice, or in the alternative separate proposals for the notice, with support for their differing positions, for the Court's consideration within 21 days of the entry of the accompanying Order. Additionally, Defendants shall disclose to Plaintiff each identified putative plaintiff's (1) name, (2) job title, (3) last known address, (4) last known personal email address, (5) dates of employment, and (6) location(s) of employment in an electronic and importable format within 21 days of the entry of the accompanying Order. Once the Court has approved the submitted form of notice, the

notice shall be mailed, at Plaintiff's expense, via first-class mail and an e-mail form sent to each putative plaintiff so they can assess their claims on a timely basis. The 60-day notice period shall begin upon entry of the Order approving counsels' submitted notice. Opt-in plaintiffs' consent will be considered timely if they are postmarked within the 60-day notice time period.

## IV. CONCLUSION

The Court finds that Plaintiff has met her lenient burden of showing that Plaintiff and certain members of the proposed collective are similarly situated for purposes of granting conditional certification and court-authorized notice. Thus, the Court grants in part and denies in part Plaintiff's Motion for Court-Authorized Notice Under the FLSA (ECF No. 26). The Court denies the expansion of Plaintiff's proposed collective as suggested in her Motion and denies her proposed notice distribution methods and instructions. The Court grants Plaintiff's Motion to include "Medical Management Nurses" and "Utilization Review Nurses" within their proposed collective. The Court also grants Plaintiff's Motion as to some of her suggested notice distribution methods and instructions, outlined more specifically in the accompanying Order.

An appropriate Order shall accompany this Memorandum Opinion.

_____/s/_____
Henry E. Hudson
Senior United States District Judge

Date: **Nov. 10, 2022**
Richmond, Virginia

17